IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT V. GADSON, | : | |
| Plaintiff, | : | |
| v. | : | Civ. Action No. 07-413-*** |
| CEO OF EXPORT AND IMPORT BANK OF 10 BILLION DOLLARS DEPT. OF COMMERCE BANK BRANCH, PRESIDENT OF EXPORT AND IMPORT BANK OF 10 BILLION DOLLARS DEPT. OF COMMERCE BANK BRANCH, and VICE PRESIDENT OF EXPORT AND IMPORT BANK OF 10 BILLION DOLLARS DEPT. OF COMMERCE BANK BRANCH, | : | |
| Defendants. | : | |



FILED

JUL 17 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**O R D E R**

Plaintiff, Robert B. Gadson, an inmate at Federal Medical Center-Devens, Ayer, Massachusetts, filed this action on June 25, 2007. He proceeds _pro se_ and has requested leave to proceed _in forma pauperis_ pursuant to 28 U.S.C. § 1915. (D.I. 1.)

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action _in forma pauperis_ if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when

applying the "three strikes rule". <u>Keener v. Pennsylvania Bd. of Probation & Parole</u>, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule", when the prisoner is in imminent danger of serious physical injury. A prisoner who is not proceeding <u>in forma pauperis</u> may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

Plaintiff, while incarcerated, has filed more than three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted: <u>Gadson v. STEPA Personnel Dir.</u>, No. 89-152, 1989 WL 3485 (E.D. Pa. Jan. 12, 1989); <u>Gadson v. Small Bus. Admin.</u>, No. 02-1964 (D. D.C. dismissed Oct. 4, 2002); <u>Gadson v. Federal Reserve Bank</u>, No. 99-866 (N.D. Ga. dismissed May 14, 1999); <u>Gadson v. Las Vegas Boxing Comm'n</u>, No. 99-297 (N.D. Ga. dismissed May 3, 1999); <u>Gadson v. World Bank</u>, No. 97-1419 (N.D. Ga. dismissed October 24, 1997); <u>Gadson v. Bureau of Prisons</u>, No. 93-378 (D. D.C. dismissed Feb. 22, 1993); <u>Gadson v. Rangel</u>, No. 92-2672 (D. D.C. dismissed Nov. 30, 1992); and <u>Gadson v. United States of America</u>, No. 90-1654 (D. S.C. dismissed May 13, 1992). Therefore, Plaintiff may not file another civil action <u>in forma pauperis</u> while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 311 (3d Cir.

2001). His Complaint does not meet that standard. He is not excused from the restrictions under § 1915(g), and he may not proceed in forma pauperis.

THEREFORE, at Wilmington this 17 day of July, 2007, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Leave to Proceed In Forma Pauperis (D.I. 1) is **DENIED**.

2. Plaintiff is given thirty (30) days from the date of this order to pay the $350.00 filing fee. If Plaintiff does not pay the filing fee within that time, the Complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

/s/ Joseph J. Farnan
UNITED STATES DISTRICT JUDGE